**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **CRIMINAL ACTION** |
| | : | |
| **v.** | : | **NO. 07-205-2** |
| | : | |
| **HOWARD WILLIS** | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                          **October 19, 2020**

  After serving over 175 months of his mandatory minimum sentence for drug distribution and possessing a firearm in furtherance of drug trafficking, the Bureau of Prisons allowed Howard Willis to serve the balance of his sentence in home confinement approximately six months ago. Once incarcerated, Mr. Willis exemplified the rehabilitative purposes of sentencing through hard work improving his outlook, physical condition, and potential. His family awaits his return after he served a sentence much longer than recommended by the Sentencing Commission due to the mandatory minimum sentences then defined by Congress. Following our Court of Appeals' direction we should evaluate a sentence reduction under the First Step Act enacted in December 2018 based on the statute serving as the basis of conviction and not the amount of controlled substances, Mr. Willis now moves for us to reduce the balance of his mandatory minimum sentence to time served. The United States does not oppose. Interpreting recent direction on evaluating motions for reduced sentence, we independently examine whether Mr. Willis is eligible for release and, if so, whether the sentencing factors set by Congress warrant the sentence reduction. After examining the record, we grant Mr. Willis's motion and reduce his sentence to time served followed by the five-year term of supervised release set by Judge Stengel.

**I.     Background**

In 2006, government agents began investigating an alleged crack cocaine dealer in the Philadelphia area based on information received from a confidential informant.[1] The agents made several controlled buys as part of this investigation and determined another individual - Howard Willis - to be involved in the crack cocaine trafficking.[2] On April 17, 2007, the United States indicted 47-year-old Mr. Willis on one count of conspiracy to distribute fifty grams or more of crack cocaine, four counts of distribution of fifty grams or more of crack cocaine, and one count of possession of a firearm in furtherance of a drug trafficking crime.[3] Mr. Willis pled guilty to all counts on January 16, 2008.[4] Mr. Willis stipulated to possessing 360 grams of crack cocaine as part of his plea agreement.[5]

On April 16, 2008, Judge Stengel sentenced Mr. Willis to the mandatory minimum sentence of 180 months imprisonment followed by five years of supervised release.[6] The Bureau of Prisons released Mr. Willis on May 26, 2020 to serve the remainder of his sentence in home confinement.[7] Mr. Willis has since been living with his sister and brother-in-law in Philadelphia.[8] His sentence is currently scheduled to end in February 2021. Mr. Willis, through his Federal Defender, moves for a reduction of sentence to time served under Section 404 of the First Step Act.[9] The United States consents to the requested relief. [10]

**II.    Analysis**

The Fair Sentencing Act of 2010 increased the quantity of crack cocaine needed to trigger mandatory minimum sentences.[11] Twenty-eight grams (previously five grams) triggers the five-year mandatory minimum and 280 grams (previously fifty grams) triggers the ten-year mandatory minimum.[12] Congress did not apply the Act retroactively to incarcerated men, like Mr. Willis, sentenced before its enactment on August 3, 2010. In December 2018, Congress made the Act's

changes retroactive under the First Step Act.[13] Section 404 of the First Step Act authorizes courts to impose reduced sentences for certain "covered offenses" – crack cocaine crimes committed before August 2010 – "on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court."[14] Our Court of Appeals recently held eligibility under Section 404 "turns on a defendant's statute of conviction, not on his possession of a certain quantity of drugs."[15]

We must first determine whether Mr. Willis is eligible for a sentence reduction and the extent of a reduction. Then, assuming he is eligible for a reduction, we must consider the applicable section 3553(a) factors to determine whether to exercise our discretion to reduce his sentence.[16] These factors include, but are not limited to, the nature and circumstances of the offense and the history and characteristics of the defendant, the need for the sentence imposed, the kinds of sentences available, the applicable sentencing range as set forth in the guidelines, any pertinent policy statement, the need to avoid unwarranted sentence disparities among defendants with similar records, and the need to provide restitution to any victims of the offense.[17] Evidence of post-sentencing rehabilitation is relevant to several of these factors.[18]

Mr. Willis is eligible for relief under the First Step Act. He committed a "covered offense" because he pled guilty to possession of fifty or more grams of crack cocaine before August 3, 2010. Fifty grams – below the new threshold of 280 grams – is the relevant quantity in determining Mr. Willis' eligibility under Section 404.[19] Mr. Willis's amended sentence would fall somewhere between 130-147 months. He has already been imprisoned for over 175 months. The amended guideline range thus calls for his immediate release.

We also find our balancing of the 3553(a) factors favor reducing the sentence to time served. Mr. Willis, now sixty-one years old, committed these drug offenses numerous years ago

and had no previous criminal convictions.[20] Mr. Willis has further demonstrated significant post-sentencing rehabilitation over the nearly fifteen years he has already spent in prison.[21] He took various educational and trade courses in real estate, culinary arts, plumbing, and financial literacy.[22] He also consistently worked in the prison kitchen.[23] Mr. Willis has also shown good behavior throughout his lengthy incarceration – he incurred only one minor infraction while in prison and has been fully complaint with the terms of his home confinement.[24] Mr. Willis credits his supportive family, who he now lives with, for his rehabilitation over the years.[25] He has enjoyed spending time with his grandson and serving as the family chef since he began home confinement six months ago.[26] He hopes to work at a restaurant upon his release.[27] The served sentence of over 175 months (beyond the Sentencing Commission's guideline range) meets the sentencing goals of specific and general deterrence.

### III. Conclusion

Mr. Willis is eligible for a reduction of sentence to time served under the First Step Act. The applicable 3553(a) factors weigh in favor of reducing this sentence. We grant Mr. Willis's motion for a reduction of sentence to time served followed by the five years of supervised release set by Judge Stengel.[28]

---

[1] Presentence Investigation Report, *United States v. Willis*, No. 07-205-02, at ¶¶ 11-12.

[2] *Id.* at ¶¶ 12-20.

[3] ECF Doc. No. 1.

[4] ECF Doc. No. 60.

[5] *Id.* at 10.

---

[6] ECF Doc. No. 68 at 3-4.

[7] ECF Doc. No. 121 at 3.

[8] *Id.*

[9] *Id.* at 2-4; Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018).

[10] ECF Doc. No. 121 at 3.

[11] Pub. L. No. 111-120, 124 Stat. 2372 (Aug. 3, 2010).

[12] *Id.*

[13] Pub. L. No. 115-391 at § 404.

[14] *Id.*

[15] *United States v. Jackson*, 964 F.3d 197, 206 (3d Cir. 2020)

[16] 18 U.S.C. §3553 (a); *United States v. Easter*, No. 19-2587, 2020 WL 5525395, at *6 (3d Cir. Sept. 15, 2020) (vacating and remanding the denial of a motion for a reduction of sentence under the First Step Act because the district court failed to indicate whether it considered all applicable section 3553(a) factors); *see also United States v. Scott*, No. 08-287-03, 2019 WL 5741331, at *2-3 (D. Colo. Nov. 5, 2019) (considering all applicable 3553(a) factors in granting defendant's unopposed motion for sentence reduction under the First Step Act); *United States v. James*, No. 03-81, 2020 WL 4333000, at *2 (W.D.N.C. July 27, 2020) (same).

[17] 18 U.S.C. § 3553(a).

[18] *Pepper v. United States*, 562 U.S. 476, 491 (2011).

[19] *See Jackson*, 964 F.3d at 206.

[20] Presentence Investigation Report at ¶¶ 44-45.

[21] ECF Doc. No. 123 at 2-3.

[22] *Id.* at 2.

[23] *Id.* at 3.

[24] *Id.*; ECF Doc. No. 121 at 3.

[25] ECF Doc. No. 123 at 3.

---

[26] *Id.*

[27] *Id.* at 4.

[28] ECF Doc. No. 68.